In re:                                                          Case No. 17-01313-RNO
Donald L. Dennis, Jr.                                           Chapter 13
Annette M. Dennis
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0314-1           User: REshelman            Page 1 of 2              Date Rcvd: Jul 06, 2017
                               Form ID: pdf002            Total Noticed: 31

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 08, 2017.
db/jdb         +Donald L. Dennis, Jr.,    Annette M. Dennis,    43 Acker Loop Road,    Newport, PA 17074-9201
4904080       ++BANK OF AMERICA,    PO BOX 982238,    EL PASO TX 79998-2238
               (address filed with court: Bank of America,     P.O. Box 982238,    El Paso, TX 79998-2235)
4934232        +Bank of America, N.A.,    P O Box 982284,    El Paso, TX 79998-2284
4904081        +Barclarys Bank Delaware,    125 S. West Street,    Wilmington, DE 19801-5014
4904082        +Barclays Bank Delaware,    125 S. West Street,    Wilmington, DE 19801-5014
4904084        +Chase Corporation,    10790 Rancho Bernaro,    San Diego, CA 92127-5705
4904085        +Chase/Bank One Card Service,    P.O. Box 15298,    Wilmington, DE 19850-5298
4904086        +Comenity Capital Bank/Boscovs,    P.O. Box 182120,    Columbus, OH 43218-2120
4904087        +Commonwealth of Pennsylvania,    Bureau of Labor and Industry,
                Office of Unemp Comp Tax Services OUCTS,    PO Box 60848,    Harrisburg, PA 17106-0848
4904090        +FNB Omaha,    P.O. Box 3412,    Omaha, NE 68197-0001
4908032        +First National Bank of Omaha,    1620 Dodge Street, Stop code 3105,    Omaha, NE 68197-0002
4904092         James P. Valecko,    Weltman, Weinberg & Reis Co., L.P.A.,    436 7th Avenue, Suite 2500,
                 Pittsburgh, PA 15219-1842
4904094         Nissan Motor Acceptance,    P.O. Box 660366,    Dallas, TX 75266-0366
4904693        +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4904104         WSLR Dentistry, P.C.,    4240 Locust Lane,    Harrisburg, PA 17109-4384
4912792         Wells Fargo Bank, N.A., dba WFDS,    P.O. Box 19657,    Irvine, CA 92623-9657
4904101        +Wells Fargo Card Service,    P.O. Box 14517,    Des Moines, IA 50306-3517
4904102        +Wells Fargo DLRSVC/Wacho,    P.O. Box 1697,    Winterville, NC 28590-1697
4904103         Western Alliance Bank,    P.O. Box 927830,    San Diego, CA 92192-7830

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
4904083         E-mail/Text: cms-bk@cms-collect.com Jul 06 2017 19:07:32     Capital Management Services, LP,
                 698 1/2 South Ogden Street,    Buffalo, NY 14206-2317
4904088         E-mail/Text: mrdiscen@discover.com Jul 06 2017 19:06:43     DB Servicing Corporation,
                 6500 New Albany Road,    New Albany, OH 43054
4904089         E-mail/Text: mrdiscen@discover.com Jul 06 2017 19:06:43     Discover Financial Service LLC,
                 P.O. Box 15316,    Wilmington, DE 19850-5316
4906237         E-mail/Text: mrdiscen@discover.com Jul 06 2017 19:06:43     Discover Bank,
                 Discover Products Inc,    PO Box 3025,    New Albany, OH   43054-3025
4904091         E-mail/Text: cio.bncmail@irs.gov Jul 06 2017 19:07:30     Internal Revenue Service,
                 PO Box 21126,    Philadelphia, PA   19114
4904093         E-mail/Text: unger@members1st.org Jul 06 2017 19:08:11     Members 1st Federal Credit Union,
                 P.O. Box 40,    Mechanicsburg, PA 17055-0040
4904095         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Jul 06 2017 19:07:42
                 Pennsylvania Department of Revenue,    Dept. 280946,    ATTN: Bankruptcy Division,
                 Harrisburg, PA   17128-0946
4904096         E-mail/PDF: gecsedi@recoverycorp.com Jul 06 2017 19:09:29     SYNCB/Care Credit,
                 P.O. Box 965036,    Orlando, FL 32896-5036
4904097        +E-mail/PDF: gecsedi@recoverycorp.com Jul 06 2017 19:09:20     SYNCB/Lowes,    P.O. Box 965005,
                 Orlando, FL 32896-5005
4904098         E-mail/PDF: gecsedi@recoverycorp.com Jul 06 2017 19:09:12     SYNCB/Old Navy DC,
                 P.O. Box 965005,    Orlando, FL 32896-5005
4904099         E-mail/PDF: gecsedi@recoverycorp.com Jul 06 2017 19:09:12     SYNCB/Sams,    P.O. Box 965005,
                 Orlando, FL 32896-5005
4904100         E-mail/PDF: gecsedi@recoverycorp.com Jul 06 2017 19:09:29     SYNCB/Sams Club Dual Card,
                 P.O. Box 965005,    Orlando, FL 32896-5005
                                                                                              TOTAL: 12

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                               TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 08, 2017                                    Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 6, 2017 at the address(es) listed below:

```
          Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
          James   Warmbrodt     on behalf of Creditor    JPMORGAN CHASE BANK, NATIONAL ASSOCIATION
           bkgroup@kmllawgroup.com
          Tracy Lynn Updike    on behalf of Debtor Donald L. Dennis, Jr. tupdike@ssbc-law.com,
           ssollenberger@ssbc-law.com
          Tracy Lynn Updike    on behalf of Joint Debtor Annette M. Dennis tupdike@ssbc-law.com,
           ssollenberger@ssbc-law.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                           TOTAL: 5
```

**LOCAL BANKRUPTCY FORM 3015-1**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

Donald L. Dennis, Jr. & Annette M. Dennis

CHAPTER 13
CASE NO. 1 - 17 -bk- 01313-RNO

CHAPTER 13 PLAN

(Indicate if applicable)
0 # MOTIONS TO AVOID LIENS
1 # MOTIONS TO VALUE COLLATERAL

[✓] ORIGINAL PLAN
    AMENDED PLAN
    (Indicate 1ST, 2ND, 3RD, etc.)

---

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan

---

**PLAN PROVISIONS**

**DISCHARGE:** (Check one)

[✓] The debtor will seek a discharge of debts pursuant to Section 1328(a).

[ ] The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f).

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

[✓] This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth herein in Section 8.

Rev. 06/01/16

1. **PLAN FUNDING AND LENGTH OF PLAN**

   A. <u>Plan Payments</u>

   1. To date, the Debtor(s) has paid $ __0.00__ (enter $0 if no payments have been made to the Trustee to date). Debtor(s) shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor(s) shall make conduit payments through the Trustee as set forth below. The total base plan is $__45,000.00__, plus other payments and property stated in Section 1B below:

   | Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
   |---|---|---|---|---|
   | 04/17 | 03/22 | $750.00 | | $750.00 |

   | | | | Total Payments: | $ 45,000.00 |
   |---|---|---|---|---|

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtor(s) is responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

   3. Debtor(s) shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

   4. CHECK ONE: ☐ Debtor(s) is at or under median income

      ☑ Debtor(s) is over median income. Debtor(s) calculates that a minimum of $__21,968.40__ must be paid to unsecured, non-priority creditors in order to comply with the Means Test.

   B. <u>Liquidation of Assets</u>

   1. In addition to the above specified plan payments, Debtor(s) shall dedicate to the plan proceeds in the estimated amount of $ __N/A__ from the sale of property known and designated as _____ _____. All sales shall be completed by

2

_____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:
_____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: N/A

3. The Debtor estimates that the liquidation value of this estate is $ 0.00 . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2. **SECURED CLAIMS**

    A. <u>Pre-Confirmation Distributions</u>. Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account # | Estimated Monthly Payment |
|---|---|---|---|
| Members 1st FCU | P.O. Box 40, Mechanicsburg, PA 17055-0040 | 518609xxxx | $ 384.05 |
|  |  |  | $ |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices from mortgagees including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtor that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

    B. <u>Mortgages and Other Direct Payments by Debtor</u>. Payments will be made outside the plan according to the original contract terms, with no modification of contract terms, unless otherwise agreed to by the contracting parties, and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

3

Case 1:17-bk-01313-RNO    Doc 5    Filed 03/31/17    Entered 03/31/17 14:14:45    Desc
Main Document    Page 3 of 11
Case 1:17-bk-01313-RNO    Doc 21    Filed 07/08/17    Entered 07/09/17 00:48:14    Desc
Imaged Certificate of Notice    Page 5 of 13

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| Chase Corporation | Residence at 43 Acker Loop Road, Newport, PA | $ Per POC | $ Per POC |
| Members 1st FCU | Residence at 43 Acker Loop Road, Newport, PA | $ Per POC | $ Per POC |
| Nissan Motor Acceptance | 2015 Nissan Rogue | $ Per POC | $ Per POC |
| Wells Fargo Dealer Srvcs/Wachovia | 2011 Ford F350 | $ Per POC | $ Per POC |

C. <u>Arrears</u>. The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below. If the Debtor or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Chase Corporation *arrears est. at $0.00 | Residence at 43 Acker Loop Road, Newport, PA | $ Per POC* | $ | $ Per POC* |
| Members 1st FCU *arrears est. at $0.00 | Residence at 43 Acker Loop Road, Newport, PA | $ Per POC* | $ | $ Per POC* |
| Nissan Motor Acceptance | 2015 Nissan Rogue *arrears est. at $0.00 | $ Per POC* | $ | $ Per POC* |
| Wells Fargo Dealer Srvcs/Wachovia | 2011 Ford F350 *arrears est. at $0.00 | $ Per POC* | $ | $ Per POC* |

D. <u>Secured Claims Paid According to Modified Terms</u>. These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTOR(S) WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

4

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| Members 1st FCU | 2015 Salem Hemisphere 5th Wheel RV | $ 20,600 | 4.5 % | $ 23,043.00 | Plan |
| | | $ | % | $ | |
| | | $ | % | $ | |

\* "PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN. OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E. <u>Other Secured Claims</u>. (Including conduit payments)

| Name of Creditor | Description of Collateral | Principal balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| N/A | | $ | % | $ |
| | | $ | % | $ |
| | | $ | % | $ |

F. <u>Surrender of Collateral</u>. Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| N/A | |

5

G. <u>Lien Avoidance</u>. The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

**Name of Creditor**          **Description of Collateral**

N/A

**THE DEBTOR(S) PROPOSES TO AVOID THE JUDICIAL LIEN OF THE CREDITOR(S) IN THIS PLAN. CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION AND ALLOWANCE OF EXEMPTIONS PURSUANT TO § 522(f). NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE JUDICIAL LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE. IF THE CREDITOR(S) WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR(S) MUST FILE A TIMELY OBJECTION TO THIS PLAN. OTHERWISE, CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.**

H. <u>Optional provisions regarding duties of certain mortgage holders and servicers</u>. Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

 Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. If the plan provides for an allowed payment of post-petition arrearages as set forth in Section 2C, apply those payments to only the post-petition arrearages.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan for the sole purpose of precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed on post-petition payments as provided by the terms of the mortgage and note.

3. **PRIORITY CLAIMS**

A. Allowed unsecured claims entitled to priority under section 1322(a) will be paid in full unless modified under Section 8:

6

Case 1:17-bk-01313-RNO   Doc 5   Filed 03/31/17   Entered 03/31/17 14:14:45   Desc
Main Document      Page 6 of 11
Case 1:17-bk-01313-RNO   Doc 21   Filed 07/08/17   Entered 07/09/17 00:48:14   Desc
Imaged Certificate of Notice    Page 8 of 13

| Name of Creditor | Estimated Total Payment |
|---|---|
| N/A | $ |
| | $ |
| | $ |

B. <u>Administrative Claims</u>:

(1) Trustee fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. Check only one box:

☐ In addition to the retainer of $_____ already paid by the Debtor, the amount of $_____ in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

☑ $ 250.00 per hour, to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the requested amount of compensation approved by the Court pursuant to L.B.R. 2016-2(b).

(3) Other administrative claims.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | $ |
| | $ |
| | $ |

**4. UNSECURED CLAIMS**

A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| N/A | | $ | % | $ |
| | | $ | % | $ |

7

Case 1:17-bk-01313-RNO    Doc 5    Filed 03/31/17    Entered 03/31/17 14:14:45    Desc
Main Document      Page 7 of 11
Case 1:17-bk-01313-RNO    Doc 21    Filed 07/08/17    Entered 07/09/17 00:48:14    Desc
Imaged Certificate of Notice    Page 9 of 13

B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/Reject |
|---|---|---|---|---|---|---|
| | | $ | % | $ | $ | |
| | | $ | % | $ | $ | |

6. **REVESTING OF PROPERTY: (Check One)**

☐ Property of the estate will vest in the Debtor upon confirmation. (Not to be used with Section 2H)

☑ Property of the estate will vest in the Debtor upon closing of the case.

7. **STUDENT LOAN PROVISIONS**

(**NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.**)

| Name of Creditor | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment |
|---|---|---|---|---|
| | $ | % | $ | $ |
| | $ | % | $ | $ |

8. **OTHER PLAN PROVISIONS**

A. Include the additional provisions below or on an attachment. (**NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.**)

See attached Rider for additional provisions.

8

9. **ORDER OF DISTRIBUTION:**

Payments from the plan will be made by the Trustee in the following order:
Level 1:
Level 2:
Level 3: _____
Level 4:
Level 5:
Level 6:
Level 7:
Level 8: _____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   General unsecured claims.
Level 8:   Untimely filed unsecured claims to which the Debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**

All pre-petition arrears and cramdowns shall be paid to the Trustee and disbursed to creditors through the plan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor. Claims filed after the bar date that are not properly served on the Trustee will not be paid. The Debtor is responsible for reviewing claims and filing objections, if appropriate.

Dated: _3/30/17_       _____
                       Attorney for Debtor

                       _____
                       Debtor

                       _____
                       Joint Debtor

9

Case 1:17-bk-01313-RNO    Doc 5    Filed 03/31/17    Entered 03/31/17 14:14:45    Desc
                    Main Document        Page 9 of 11
Case 1:17-bk-01313-RNO    Doc 21    Filed 07/08/17    Entered 07/09/17 00:48:14    Desc
              Imaged Certificate of Notice    Page 11 of 13

Rider to Paragraph 8 - Other Plan Provisions

In accord with their treatment in Paragraph 2.D of this Plan, Members 1st Federal Credit Union ("Members 1st"), the lien holder on Debtors' 2015 Salem Hemisphere 5th Wheel RV, will provide Debtors with a release of their security interest on the said title or certificate, in the space provided therefore on the certificate or title as the department of motor vehicles prescribes, and mail or deliver the certificate or title and release to the Debtors or to the attorney for the Debtors within thirty (30) days of the entry of the discharge order. Confirmation of this Plan shall impose an affirmative and direct duty on such secured party to comply with this provision and upon failure to so comply, Members 1st will be provided a ten (10) day notice of default at the address provided in its proof of claim. If such provision is still not complied with following such ten (10) day notice of default, such party will be liable for liquidated and fixed damages of no less than $2,000.00 plus reasonable legal fees and, in appropriate cases, for special damages and punitive damages. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and such creditor consents to such jurisdiction by failure to file any timely objection to this Plan. Such an enforcement proceeding may be filed by the Debtors in this case either before or after the entry of the discharge order and either before or after the closing of this case. The Debtors specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the United States Code to pursue the rights and claims provided for herein.

Claims accruing post-petition are provided for by this plan and may be paid through the plan at the election of the Debtors, to the detriment of general, unsecured claims.

Confirmation of the Plan shall invoke the protection of 11 U.S.C. Section 1301, whether or not the Debtor provides for interest on payment of cosigned obligations. The proof of claim filed by the creditor, and not objected to by the Debtors, or filed by the Debtors on behalf of the creditor, shall constitute a designation of the total amount owed to the creditor for purposes of determining full payment under the plan.

The Plan filed by the Debtor(s) herein specifically rejects, avoids, cancels, and otherwise releases the Debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the Debtor(s) the duty, requirement or obligation to submit any and all claims, demands, or causes of action of the Debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this Plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the Debtor(s) or the Chapter 13 Trustee.

Confirmation of the Plan shall constitute a finding that the Debtor(s) do not waive, release or discharge but rather retain and reserve to themselves, to the extent they may claim an exemption, or to the Chapter 13 Trustee, any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law, including, but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, Uniform Commercial Code violations, Truth in Lending Act violations, Home

Equity Protection Act violations, Equal Credit Opportunity Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of right or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the local rules of this Court.

      Confirmation of this Plan shall vest in the Debtor(s) full and complete standing, except where such standing is provided solely to the trustee, to pursue any and all claims against any parties or entities for all rights and causes of action provided for under or arising out of Title 11 of the United States Code, including but not limited to the right to pursue claims for the recovery of property of this estate by way of turnover proceedings, the right to recover pre-petition preferences, the right to pursue automatic stay violations, and the right to pursue discharge violations.